IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OMAR MUHAMMED,<br><br>        Plaintiff,<br><br>v.<br><br>D. DREW, WARDEN,<br><br>        Defendant. | 1:14-cv-2154-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R"), recommending that this action be dismissed for failure to obey a lawful Order of the Court.

I.    BACKGROUND

On July 7, 2014, Plaintiff Omar Muhammed ("Plaintiff") submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On July 14, 2014, the Magistrate Judge ordered Plaintiff to pay the $5.00 filing fee, or complete and return an application for leave to proceed *in forma pauperis* ("IFP"). The Magistrate Judge warned Plaintiff that failure to comply with the July 14, 2014, Order within thirty (30) days could result in the dismissal of this action. To date, Plaintiff has not paid the $5.00 filing fee, and he has not submitted an application

to proceed IFP. On September 10, 2014, the Magistrate Judge recommended that this action be dismissed for failure to obey a lawful Order of the Court. On September 23, 2014, Plaintiff filed his objections to the R&R. Plaintiff claims that he submitted a BP-199 Form for $5.00 to be taken out of his prison account on August 8, 2014. Plaintiff attached a transactions summary of his prison account showing that $5.00 for "Court fees" were deducted from his account on August 8, 2014.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.     Analysis

A prisoner's failure to pay the filing fee may be caused by circumstances beyond the prisoner's control, including whether prison officials have timely processed the prisoner's request to withdraw funds from his account. Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002).  Before a prisoner's complaint is dismissed for failure to pay the filing fee, the Court is required to "take reasonable steps . . . to determine whether the prisoner complied with the [Court's Order] by authorizing payment by prison officials.  Should the district court choose to communicate directly with the custodial institution regarding the inmate's authorization of payment, and receive information that any non-payment was the inmate's fault, the court must give the inmate a reasonable opportunity to respond to this information, through, for example a show cause order or the opportunity to make objections to a magistrate's report."  Id.  A complaint should not be dismissed for non-payment if the Court finds that the prisoner authorized the prison officials to withdraw funds from his account.  Id.

On November 17, 2014, the Court's Financial Administrator contacted Tenneisha Robinson ("Robinson"), a Correctional Counselor at the United States Penitentiary in Atlanta, Georgia ("Penitentiary"), to inquire whether the Penitentiary had withdrawn the required filing fee from Plaintiff's account.

Robinson confirmed that $5.00 were withdrawn from Plaintiff's account, but the amount was "credited back" to his account on September 23, 2014. Robinson did not know why the filing fee was reimbursed and, stated that she would contact Plaintiff to determine the reason for reimbursement.

Upon *de novo* review of the R&R, the Court concludes that Plaintiff's Petition should not be dismissed for failure to obey a lawful Order of the Court. The evidence shows that Plaintiff requested the prison officials to withdraw the filing fee from his account, and the filing fee was, in fact, withdrawn on August 8, 2014. The Court is unable to determine why the fee was "credited back" to Plaintiff's account. Because the Court is unable to determine whether the failure to timely pay the filing fee is attributable to Plaintiff or the prison officials, the Magistrate Judge's recommendation to dismiss this action without prejudice is not adopted.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final R&R is **REJECTED**. **IT IS FURTHER ORDERED** that Plaintiff shall pay the filing fee on or before December 12, 2014, or **SHOW CAUSE** why the fee has not been paid by that date.

**SO ORDERED** this 17th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE